```
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
```

| | |
|---|---|
| **VEHICLE VALUATION SERVICES,**<br><br>            **Plaintiff,**<br><br>         v.<br><br>**DARREN DiMARIA, MITCHELL HERWALDT, KEVIN GIPSON, DiMARIA COMPANIES, INC., d/b/a DCI SOLUTION, and DAVID DiMARIA,**<br><br>            **Defendants.** | **Case No. 13 C 5094**<br><br>**Hon. Harry D. Leinenweber** |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Dismiss. For the reasons stated herein, the Motion is granted.

### I. BACKGROUND

This case resulted from a dispute between Plaintiff Vehicle Valuation Services (hereinafter, "Plaintiff" or "VVS") and its former employees. The Defendants include Darren DiMaria, Mitchell Herwaldt, Kevin Gipson, David DiMaria, and DiMaria Companies (the "Defendants").

Plaintiff alleges that Defendant Darren DiMaria resigned his employment suddenly and unexpectedly. Plaintiff recovered data from Darren DiMaria's computer that indicated that he had emailed himself various documents, spreadsheets, and images that contained Plaintiff's proprietary business information. Defendants then organized DiMaria Companies and started doing business as DCI

Solution ("DCI"), in competition with VVS. Plaintiff alleges that Defendants have failed to return all of the data that Darren DiMaria took when he left. Plaintiff does not allege any damage to its computers, devices, or software.

In Count I, Plaintiff alleges that Darren DiMaria violated the Computer Fraud and Abuse Act (the "CFAA"), 18 U.S.C. § 1030 *et seq*. Plaintiff brings Count II, for Breach of Fiduciary Duty under state law, against Defendants Herwaldt, Gipson, and Darren DiMaria. Count III, a state law claim for civil conspiracy, is brought against DCI and David DiMaria.

## II. <u>LEGAL STANDARD</u>

A Complaint must provide a short and plain statement of the claim showing the plaintiff is entitled to relief. FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes a complaint in the light most favorable to the plaintiff and accepts all well-pled facts as true. *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009).

## III. <u>ANALYSIS</u>

### A. CFAA Claim

A civil claim under the CFAA requires (1) damage or loss; (2) caused by; (3) a violation of a substantive provision in Section 1030(a); and (4) conduct involving one of the factors in subsection 1030(c)(4)(A)(i)(I)-(V). 18 U.S.C. § 1030(g).

Plaintiff's claim is based on § 1030(a)(5)(A), which allows for a civil cause of action against one who

> knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer.

18 U.S.C. § 1030(a)(5)(A). "Damage" means "any impairment to the integrity or availability of data, a program, a system, or information." 18 U.S.C. § 1030(e)(8).

Plaintiff alleges that Defendant "Darren DiMaria intentionally caused damage without authorization to one or more protected computers then owned by VVS." Compl. ¶ 45. But that allegation is insufficient, as it is no more than recitation of an element of the CFAA. Nowhere else in the Complaint does Plaintiff allege that its data has been lost or damaged. Nor does Plaintiff allege expenses related to business interruption. Plaintiff complains that data was copied and has not been returned, but copying or downloading business information is not "damage" to a protected computer under the CFAA. *Garelli Wong & Assocs., Inc. v. Nichols*, 551 F.Supp.2d 704, 710 (N.D. Ill. 2008).

The complaint must provide factual content that shows that Plaintiff has suffered the type of damage contemplated by the statute – some harm to "data, a program, a system, or information." 18 U.S.C. § 1030(e)(8). Because it does not do so, it fails to state a claim upon which relief can be granted.

Because Plaintiff's Count I fails for this reason, the Court declines to address other possible grounds for dismissal. If Plaintiff decides to amend, Plaintiff would be wise to ensure that the Complaint pleads facts for every element of any asserted claims.

### B. State Law Claims

Counts II and III are state law claims, before the Court on a pendant jurisdiction basis. With the only federal claim dismissed, these counts are dismissed for lack of subject matter jurisdiction.

### IV. CONCLUSION

For the reasons stated herein, the Defendants' Motion to Dismiss is granted.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　United States District Court

Date: October 10, 2013